IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


PHILLIP WADE SMITH, JR.                                                    PLAINTIFF

            v.                      Civil No. 1:15-cv-01027

SHERIFF MIKE MCGOUGH                                                   DEFENDANT


## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Phillip Smith filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 14, 2015 ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## 1.      BACKGROUND

At the time Plaintiff filed his Complaint he was an inmate in the Ouachita County Detention Center ("OCDC").  Plaintiff's address of record indicates he is still incarcerated at the OCDC.  In his Complaint, Plaintiff names Sheriff McGough as the sole Defendant.  Plaintiff claims Defendant McGough violated his constitutional rights because he is responsible for everything that goes on in the UCDC.  According to Plaintiff, he was hurt when another inmate

1

flipped a table over on him causing Plaintiff to fall and hit his neck and back.  ECF No. 1, p. 4.
Additionally, Plaintiff alleges after the incident an officer came to give him Tylenol and told
Plaintiff he should have removed the table the night before when he noticed it broken.  ECF No.
1, p. 4.

## 2.      APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the
causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state
claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is
immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous
if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325
(1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting
under color of state law, deprived him of a right, privilege, or immunity secured by the United
States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of
a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United
States.  28 U.S.C. § 1983.  In order to state a claim under section 1983,  a plaintiff must allege that
the defendant acted under color of state law and that he violated a right secured by the
Constitution.  *See West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009
(8th Cir.1999).

## 3.      DISCUSSION

Plaintiff did not indicate whether he was suing Defendant McGough in his personal or
official capacity, regardless, Plaintiff has failed to state a claim against Defendant McGough in

either capacity.

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)). In other words, Defendant McGough cannot be held liable in his individual capacity merely because he is the sheriff of Ouachita County.

Further, Plaintiff has failed to state any custom or policy of Ouachita County to support an official capacity claim. Under section 1983, a defendant may be sued in either his individual or official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

3

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998).  An official capacity claim against Defendant is essentially a claim against Ouachita County.  "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee." *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Additionally, as stated above, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.  *See Monell,* 436 U.S. at 694.  In other words, Ouachita County cannot be held liable based merely on the fact it employs Defendant.  Therefore, Plaintiff has failed to state an official capacity claim.

**4.   CONCLUSION**

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of June 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4